The Chancellor.
On the 12th of September last, upon a hill filed by this' same complainant against these same defendants, an injunction issued, similar in every respect to the injunction issued in the present suit. Both injunctions restrained the defendants from exercising any acts of ownership over and upon certain tracts of land, at and near Absecom Beach, in the county of Atlantic, and enjoined Robert B. Leeds from further prosecuting, until otherwise ordered, a certain action of ejectment against the complainant, John Hornor. The ejectment suit was commenced in September term, 1852, of the Atlantic Circuit Court. In the following December term of that court, the cause was set down for trial, and was jiostponed, on the application of the complainant: and again, in the April term then next of that court, the trial was further postponed, on the affidavit and application of the complainant. The cause was then noticed for the September term of the Circuit Court, which commenced on Tuesday, the thirteenth of that month. On the 12th of September, the day before the cause was to have been *87 tried, the complainant filed Ills first bill, and upon application to one of the injunction masters, obtained the first injunction before referred, to. The fact, that the ejectment suit liad been then pending for a year, did not appear by the hill. The time of its commencement, and the cause of its delay, was concealed. The impression produced, and without doubt intended to be produced, by the statement in the bill respecting the suit, was, that it had been then lately commenced; want of diligence in filing Ms bill, from anything apparent in it, .could not bo imputed to the complainant. On a hearing before the Chancellor, the injunction was dissolved for tlie want of equity in tlie bill. The ejectment suit was .then noticed for trial for the 13th day of .December last. On the 12th of December, an order was made, upon the complainant's application, dismissing his bill with costs. On the same day, the complainant filed the present bill, and applied to the master for an injunction. He produced before the master the usual affidavit as to the truth of the matters contained in the bill, with an additional statement, in the affidavit, that the former bill was dismissed for certain informalities, which he was advised were all remedied in the present bill of complaint.
This allegation, upon which the master was induced to grant the injunction, was neither technically nor substantially correct. The bill was not dismissed for any informality, but upon the complainant’s own motion, upon the usual terms. The injunction was dissolved for want of equity; but the bill was retained, and the complainant was at liberty te amend, if he had seen proper to do so. It is manifest that the order to dismiss the hill was procured to clear tlie way for the application to the master. The master, had he been correctly advised of the fact, that the court had dissolved the prior injunction for want of equity in the bill, would never have allowed this injunction upon an affidavit of the complainant, that the present bill remedied the defects of the first bill. The *88 complainant is not the proper judge whether his hill conforms to an opinion of the court, before expressed upon the merits of Ms case, and it would never do to place any reliance upon such a sworn allegation of the party interested. It is not an affidavit as to a fact, but as to the party’s opinion only, upon the extent and effect of the judgment of the court upon his case. He has nothing to fear from any legal consequences of such an oath, if it is founded in error; and as to any moral turpitude, his conscience may be easily quieted by the advice of too sanguine counsel.
But I shall order this injunction dissolved upon broader ground than this. I lay down the rule, that where an injunction has been dissolved for want of equity in the bill, this court ought not to grant an ex parte injunction upon an amended bill, or upon a new bill, supplying that equity. If a complainant is willing to swear to a case fitting the opinion of the court, the rights of a defendant should not be interfered with upon such a bill, without affording the defendant an opportunity of being first heard. Any other practice would be oppressive, and would place the interest and rights of a party to o much in the power of his adversary.
I have not thought it necessary to look for the equity in this bill. I am satisfied to dissolve the injunction, for the reasons stated.